IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PARK CONSTRUCTION AND BUILDING MAINTENANCE, LLC, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:23-cv-2270-E-BN |
| BUREAU VERITAS PROJECT MANAGEMENT LLC and RICHARD W. JOHNSON, | § § § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

United States District Judge Ada Brown referred this lawsuit to then-United States Magistrate Judge Irma Carrillo Ramirez for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. And, after Judge Ramirez's nomination to the United States Court of Appeals for the Fifth Circuit was confirmed, pretrial management of the case was transferred to the undersigned United States magistrate judge, on December 7, 2023. *See* Dkt. No. 25.

On July 26, 2024, Defendant Bureau Veritas Project Management LLC ("BV") moved to dismiss the lawsuit with prejudice under Federal Rules of Civil Procedure 37 and 41 (and requested an award of its attorney's fees and court costs) for Plaintiff Park Construction and Building Maintenance, LLC ("PCBM")'s failure to cooperate in discovery. *See* Dkt. No. 36. After seeking extensions of time to respond, PCBM did, on September 3, 2024. *See* Dkt. No. 43; *see also* Dkt. Nos. 37, 40-42. And, on September 18, 2024, BV replied. *See* Dkt. No. 44.

The parties then jointly moved to amend the scheduling order, a motion the Court granted, extending, among other deadlines, the deadline to amend pleadings, to January 31, 2025, and the discovery cutoff, to April 29, 2025. *See* Dkt. Nos. 45-47.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should deny the motion to the extent it seeks dismissal.

## Legal Standards

"Rule 37 grants federal courts broad discretion in deciding whether to dismiss the action of a plaintiff who fails to comply with disclosure and discovery requirements." *Passmore v. Baylor Health Care Sys.*, 832 F.3d 292, 296-97 (5th Cir. 2016) (citing *Moore v. CITGO Ref. & Chems. Co., L.P.*, 735 F.3d 309, 315 (5th Cir. 2013)).

And "Rule 41(b) authorizes the district court to dismiss an action … for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (footnote omitted); *Campbell v. Wilkinson*, 988 F.3d 798, 800-01 (5th Cir. 2021).

And, while Rule 37 contemplates dismissal as a sanction for a party's failure to make disclosures, cooperate in discovery, or comply with a court order, the Fifth Circuit has, in this context, held that "dismissal is a severe sanction that implicates due process. Although it must be available to the district court in appropriate cases, this draconian remedy should not be used lightly, and should be used only under extreme circumstances." *Opex Surgery (Baytown), L.P. v. Sonic Auto. Emp. Welfare*

*Benefit Plan*, 704 F. App'x 376, 378 (5th Cir. 2017) (per curiam) (cleaned up).

And a "district court must make four additional findings to impose a litigation-ending sanction: (1) the discovery violation was committed willfully or in bad faith; (2) the client, rather than counsel, is responsible for the violation; (3) the violation substantially prejudiced the opposing party; and (4) a lesser sanction would not substantially achieve the desired deterrent effect." *Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 758-59 (5th Cir. 2019) (per curiam) (cleaned up; quoting *FDIC v. Conner*, 20 F.3d 1376, 1380-81 (5th Cir. 1994)).

Similarly, "[a]lthough lesser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, a Rule 41(b) dismissal is appropriate where there is a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) (cleaned up).

"[I]t is not a party's negligence – regardless of how careless, inconsiderate, or understandably exasperating – that makes conduct contumacious; instead it is the stubborn resistance to authority which justifies a dismissal with prejudice." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 327 (5th Cir. 2008) (cleaned up).

That is, a certain level of "recalcitrance" is required "for a dismissal with prejudice." *Coleman v. Sweetin*, 745 F.3d 756, 767 (5th Cir. 2014); *see, e.g.*, *Barnes v. Tumlinson*, 597 F. App'x 798, 799 (5th Cir. 2015) (per curiam) (explaining that a plaintiff's "decision not to comply with the district court's orders shows a clear record

of purposeful, contumacious conduct and amounts to the stubborn resistance to authority justifying a dismissal with prejudice" and that "the lesser sanctions imposed by the district court – in the form of warnings that [the plaintiff's] failure to comply with its orders would lead to dismissal – did nothing to change her behavior, and so the continued imposition of additional lesser sanctions would not serve the best interests of justice" (cleaned up)).

## Analysis

In support of dismissal with prejudice and other relief under Rules 37 and 41, BV argues that, as of July 26, 2024, when it filed this motion, PCBM had not provided initial disclosures under Federal Rule of Civil Procedure 26(a)(1), which were required, "at the latest, September 13, 2023"; that, although PCBM served responses and objections to BV's April 29, 2024 interrogatories and requests for production and admissions, PCBM "failed to produce a single document in response"; that "[a]t the Joint Conference on July 3, 2024, Plaintiff agreed to provide Initial Disclosures and documents responsive to [BV]'s written discovery by July 23, 2024," but, when the motion to dismiss was filed three days later, "[n]o documents [had] been produced, and Plaintiff's counsel [had] not responded to inquiries for an explanation as to why"; that, "[o]n June 27, 2024, [BV] requested by email dates for the deposition of [PCBM]'s principal, and again requested responsive documents by July 8, but "[n]o deposition date was offered, and no documents were produced"; and that, although PCBM's "counsel participated in the Joint Discovery Conference on July 3, 2024, and approved the language of the Joint Report, including [PCBM]'s representation it

would provide Initial Disclosures and responsive documents by July 23, 2024," "counsel refused to sign the Joint Report." Dkt. No. 36 at 1-2.

PCBM's September 3 response provides that the following occurred after BV filed its motion:

> Plaintiff has now provided documents in response to the Document Requests (PCBM 0001 to 1665) and as referenced in several Interrogatory Responses.
> Also, Plaintiff has now provided its Initial Disclosures.
> As Plaintiff's counsel previously advised the Court, counsel's mother passed away late in the evening on Friday August 23, 2024, and after a lengthy and debilitating illness. Plaintiff's counsel acknowledges that he should have communicated with and kept opposing counsel better informed of the situation and aware of the delays it was causing Plaintiff's counsel in responding and providing the documents following the conference in July.

Dkt. No. 43 at 2.

Through its reply, BV updates the Court that, although "PCBM served its initial disclosures and made a production of documents on September 3, 2024," it had "not produced documents in response to Requests for Production Nos. 5 and 6, conferenced with [BV] regarding a protective order, nor provided a proposed protective order, as Ordered by the Court on August 14, 2024." Dkt. No. 44 at 1.

And BV "defers to the Court's discretion on whether or not to dismiss this case, and whether such a dismissal should be with or without prejudice." *Id.* at 2.

And, as set out above, since that reply, the Court granted the parties' joint motion to extend the pretrial deadlines.

As the record above reflects, BV has not demonstrated that PCBM's conduct as to discovery (whether attributable to the client or its counsel) is contumacious, amounting to a stubborn resistance to authority and thus justifying a dismissal with

prejudice, nor does the record call for a dismissal without prejudice. *Cf. Diamond v. Bon Secours Hosp.*, Civ. No. WMN-09-865, 2010 WL 2696632, at *7 (D. Md. July 6, 2010) ("combin[ing] the two tests in determining if dismissal is appropriate under Rules 37(d) and 41(b) because the legal standards for dismissal under both rules are virtually the same").

The Court should therefore deny the motion to dismiss without prejudice to BV's ability to, if necessary, file a motion under Rule 37 for payment of reasonable expenses, including attorney's fees, based on the conduct outlined in the motion to dismiss. The parties must meet and confer before this motion is filed. And the motion must be supported by evidence to justify all expenses requested.

## Recommendation

The Court should deny Defendant Bureau Veritas Project Management LLC's motion to dismiss this lawsuit with prejudice under Federal Rules of Civil Procedure 37 and 41 [Dkt. No. 36] without prejudice to its ability to move for payment of reasonable expenses, including attorney's fees, based on the conduct outlined in the motion to dismiss.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 15, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE